Filed 3/2/22  P. v. Padilla CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059702 |
| v. | (Super. Ct. No. 94SF0588) |
| RAMON PADILLA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Reversed and remanded with directions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Ramon Padilla was sentenced to prison for 25 years to life after a jury found him guilty of first degree murder and conspiracy to commit that offense. Although we long ago affirmed the judgment on appeal (see *People v. Nottage, et al.* (Mar. 10, 1998, G018824) [nonpub. opn.]), appellant contends the trial court erred in denying his recent petition for resentencing under Penal Code section 1170.95.[1] As respondent concedes, the contention has merit. We therefore reverse the trial court's denial order and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In exchange for $500, appellant procured a gun for Arturo Montes to shoot Dirk Houston. Appellant and Montes then drove to Houston's business, where Montes shot and killed Houston with the gun.

Two decades after his convictions were affirmed on appeal, appellant petitioned to vacate his murder conviction and to be resentenced under section 1170.95. The petition alleged appellant was convicted under the natural and probable consequences doctrine, and he could not be convicted of murder today given how the murder laws have changed since the time he was convicted. However, the trial court determined appellant was ineligible for resentencing because the evidence revealed he assisted Montes with the intent to kill. Therefore, it summarily denied appellant's petition for failure to present a prima facie case for relief.

DISCUSSION

Appellant seeks reversal on the basis the trial court improperly weighed the evidence at the prima facie stage of the proceedings. He contends there is nothing in the record of conviction to prove that the jury actually found he acted with the intent to kill so as to disqualify him from obtaining resentencing relief under section 1170.95. The Attorney General agrees, and so do we.

---

[1] We judicially notice the record in the direct appeal and note that all further statutory references are to the Penal Code.

2

Appellant's claim is grounded in Senate Bill No. 1437 (SB 1437), which narrowed the scope of vicarious liability for murder in two ways. First, the law eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, SB 1437 reigned in the felony murder rule so that it can only be applied to nonkillers if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted in a manner recklessly indifferent to human life. (§ 189, subd. (e).)

By amending the felony murder rule in this fashion, and abolishing the natural and probable consequences doctrine in murder cases, the Legislature intended to ensure the defendant's culpability is commensurate with his conduct. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The upshot of these changes is that outside the felony murder rule, which was not implicated in this case, a person cannot be convicted of murder in California unless he or she personally acted with malice, i.e., the intent to kill. (*People v. Gentile* (2020) 10 Cal.5th 830, 847.)

In addition to ushering in these changes, SB 1437 also enacted section 1170.95, which is the procedural mechanism for challenging a murder conviction based on vicarious liability. To obtain relief under that section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder, and 3) and he would not be liable for murder today because of how SB 1437 redefined that offense. (§ 1170.95, subd. (a).)

If the defendant makes a prima facie showing to that effect, the trial court is required to issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1170.95, subds. (c), (d).) At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his conduct did in fact rise to the level of murder as redefined by SB 1437. (*Id.*, subd.

(d)(3).) Otherwise, the defendant is entitled to vacatur and resentencing pursuant to the terms of section 1170.95.

In deciding whether the petitioner has made a prima facie showing for relief, the trial court may rely on the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 970-972.) But that doesn't mean the trial court assumes a factfinding role in the proceedings; to the contrary, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id*. at p. 972.) In other words, the court looks at what the jury *actually* found, not what it *could have* found. (*People v. Secrease* (2021) 63 Cal.App.5th 231, 247, rev. granted June 30, 2021, S268862.) Unless, the record of conviction proves the petitioner is ineligible for resentencing as a matter of law, the court must issue an order to show cause and proceed to the evidentiary phase of the proceedings. (*Lewis, supra*, 11 Cal.5th at p. 971; *People v. Drayton* (2020) 47 Cal.App.5th 965, 968, 980.)

In this case, the record of conviction shows the prosecution relied on two variations of the natural and probable consequence theory to obtain appellant's murder conviction. First, it argued murder was a natural and probable consequence of the targeted crime of aggravated assault. And second, it argued murder was a natural and probable consequence of a conspiracy to commit that targeted offense. Because both of these theories allowed appellant to be convicted of murder based on the perpetrator's mental state, irrespective of whether appellant personally possessed the intent to kill, they do not negate appellant's entitlement to resentencing.

Moreover, the record shows that in finding appellant guilty of conspiracy to commit murder, the jury was not required to find he acted with malice. That's because the jury instructions defined conspiracy as an agreement to commit either murder *or* aggravated assault. Since an agreement to commit the latter offense does not require the intent to kill, appellant's conspiracy conviction does not render him ineligible for resentencing.

4

We do not disagree with the trial court that the evidence is reasonably susceptible of a finding that appellant harbored the intent to kill in supplying his cohort Montes with the murder weapon and accompanying Montes to the scene of the murder. However, as we have explained, judicial factfinding is not permitted at the prima facie stage of the petition process. Because the record of conviction does not establish *the jury* found appellant acted with malice, the trial court erred in summarily denying his petition for resentencing, and the matter must be remanded for further proceedings. Given this holding, we need not address appellant's additional argument that the trial court violated his constitutional right to be present at a critical stage of the proceedings by adjudicating the petition in his absence.

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is reversed. The matter is remanded for the trial court to issue an order to show cause and, absent a concession from the People, conduct an evidentiary hearing to determine appellant's eligibility for relief.


BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5